IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK DENNIS ZURAWSKI | : CIVIL ACTION |
| | : |
| vs. | : |
| | : |
| ROBERT L. DOUGLAS, in his capacity as Neutral Referee of the Special Board of Adjustment, <u>et al</u>. | : |
| | : |
| | : NO. 08cv5040 |

<u>MEMORANDUM</u>

YOHN, J.                                                                                                                    JUNE        , 2009

Plaintiff brings this action against Robert L. Douglas, in his capacity as Neutral Referee of the Special Board of Adjustments, and Special Board of Adjustment 961, along with other defendants. Douglas and the Board have filed a motion to dismiss to which plaintiff has filed a response followed by the defendants' reply.

The amended complaint stems from a decision rendered against the plaintiff by the Board in an arbitration between the Transport Workers Union of America, Local 2013, AFL-CIO and the Southeastern Pennsylvania Transportation Authority. In that decision the Board affirmed SEPTA's suspension and termination of the plaintiff.

The Board is an adjudicatory tribunal established under the Railway Labor Act, 45 U.S.C. § 153, Second to serve as the final stage in the resolution of contract disputes for the railroad industry. The National Mediation Board, a federal agency, appointed Douglas as a neutral arbitrator to the Board.

Plaintiff's amended complaint avers that the decision by Douglas and the Board demonstrated bias, denied him due process and was the result of fraudulent circumstances. In support of that claim he alleges that the Board unsuccessfully attempted to mediate his case against

his wishes and refused to rule on all witness and evidence issues. He also alleges that Douglas attempted to mediate requiring plaintiff to admit guilt and accept SEPTA's non-negotiable offer, refused to allow the employee member of the Board the opportunity to settle unresolved witness and evidence issues, and permitted SEPTA to allow witnesses to testify whose depositions had been requested by plaintiff but denied by SEPTA. He further alleges that the Board permitted SEPTA to enter into evidence position statements which contained never before seen hearsay reports, allowed witnesses to invoke privilege when the witnesses were asked if they were coached or instructed how to testify, allowed a SEPTA supervisor in the room who had an intimidating effect on witnesses, allowed SEPTA to present its case for five hours but gave plaintiff only minutes to present his case, refused to allow plaintiff to respond to SEPTA's claims and accusations, and had a conflict of interest with SEPTA.

As a result of these allegations plaintiff alleges bias by Douglas and the Board as well as a violation of his due process rights and requests the defendants to vacate the September 22, 2008 decision of the Board and reinstate plaintiff with back pay and benefits or grant him a new arbitration hearing before a neutral arbitrator.

Douglas and the Board respond that plaintiff is not entitled to the relief he seeks against them because, as the neutral arbitrator and arbitration panel that ruled against him in a binding arbitration, they enjoy arbitral immunity. They allege that neither the arbitration panel nor the individual arbitrators are proper parties to suits that appeal or challenge their awards. In addition, they allege that Douglas possesses absolute immunity from civil liability due to his participation as an adjudicator in an administrative proceeding.

Plaintiff responds by averring that the decision of the Board should be vacated as it

was rendered based on fraud, bias and/or corruption. In the event that he can prove his allegations, plaintiff may have a valid claim that the arbitration decision should be vacated; however, the issue before the court at this time is not whether the decision should be vacated but whether Douglas and the Board are proper parties to the litigation of this issue.

The defendants are correct.

Defendant Douglas enjoys absolute immunity from civil liability under *Butz v. Economu*, 438 U.S. 478, 514 (1978) and its progeny.

The Board is an adjudicatory tribunal established under the Railway Labor Act which performs arbitral functions. Douglas, the neutral member of the Board serves in an official adjudicatory capacity. Courts have widely held that neither arbitration panels nor individual arbitrators are proper parties to a suit involving a decision reached by arbitral bodies under the Railway Labor Act. *See Radin v. United States*, 699 F.2d 681 (4th Cir. 1983). It is apparent that plaintiff seeks to have the Board's decision reviewed in district court; however, he must do so with the same parties that were before the Board and under the grounds permitted by the Railway Labor Act. Neither Douglas nor the Board is a proper party to that proceeding. In addition, Douglas himself is entitled to absolute immunity as the neutral arbitrator.

An appropriate order follows.